IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACEY TUCKER | : CIVIL ACTION |
| | : |
| v. | : No. 09-5887 |
| | : |
| DAVID DIGUGLIELMO | : |

## ORDER

AND NOW, this 6th day of April, 2011, it is ORDERED, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, and consideration of Petitioner Tracey Tucker's Request to Have Petition Dismissed Without Prejudice,[1]

---

[1] Instead of filing objections to the Report and Recommendation (R&R), Tucker requested his petition be dismissed without prejudice to permit him to exhaust his state court remedies. For the following reasons, the request is denied.

In his habeas petition, Tucker challenges his confinement for the remainder of a three-to-six year state court sentence, his service of which was interrupted when he escaped from state custody and was thereafter prosecuted on federal drug charges. The original sentence, which was imposed on October 4, 1994, was interrupted on October 26, 1998, when Tucker left the community corrections center to which he had been transferred. At the time of his escape, Tucker had one year, eleven months, and seven days remaining on the state sentence. On March 15, 1999, Tucker was arrested on new charges, and the Pennsylvania Department of Corrections lodged a detainer against him a few days later. On October 12, 2001, Tucker was sentenced in federal court to 140 months of imprisonment, with credit for the time he spent in jail between his March 15, 1999, arrest and the imposition of the federal sentence. Tucker also received credit toward his federal sentence for time spent in SCI–Graterford from August 19, 2002, to March 31, 2003, on a writ for the purpose of prosecuting the escape charges, which were ultimately nolle prossed. On August 28, 2009, at the conclusion of his federal sentence, Tucker was transferred to SCI–Graterford to serve the remainder of his 1994 state court sentence. Tucker contends his return to state custody following the expiration of his federal sentence is improper because his state sentence was not supposed to run past October 3, 2000.

Construing Tucker's habeas petition as one pursuant to 28 U.S.C. § 2254, the Magistrate Judge found Tucker had failed to exhaust available state remedies, but nevertheless recommended the petition be denied on the merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The Magistrate Judge rejected Tucker's argument that once the original maximum date for his state sentence passed, Tucker had "maxed out" his sentence, explaining that Tucker is not entitled to credit for time spent outside confinement after his

it is ORDERED:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The Request to Have Petition Dismissed Without Prejudice (Document 14) is DENIED;

3. The petition for a writ of habeas corpus is DENIED; and

4. The Clerk of Court shall mark this case CLOSED.

BY THE COURT:

*/s/ Juan R. Sánchez*
Juan R. Sánchez

---

escape. *See Vega v. United States*, 493 F.3d 310, 322 (3d Cir. 2007) ("All courts agree that if a prisoner has actively effectuated his release, for example by escaping, . . . he may not receive credit for time at liberty."). The Magistrate Judge also rejected Tucker's argument he should receive credit for the time he spent at SCI–Graterford on a writ concerning the escape charge because Tucker was actively serving, and received credit toward, his federal sentence during that time, and was not entitled to double credit. *See Ruggiano v. Reish*, 307 F.3d 121, 125 n.1 (3d Cir. 2002) (holding a prisoner detained pursuant to a writ *ad prosequendum* is considered on loan to the receiving sovereign and "remain[s] in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person"). Finally, the Magistrate Judge observed the Commonwealth did not waive jurisdiction over Tucker by allowing the federal authorities to pursue the federal charges against him. *See Forbes v. Pa. Dep't of Corr.*, 931 A.2d 88, 93 (Pa. Commw. Ct. 2007) (holding that although a prisoner generally has the right to serve a sentence continuously, "a continuous sentence may be interrupted by some fault of the prisoner"), *aff'd*, 946 A.2d 103 (Pa. 2008).

This Court has discretion to deny Tucker's habeas petition on the merits, notwithstanding Tucker's failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(2); *Faulkner v. Pa. Dep't of Corr.*, 221 F. Supp. 2d 560, 563-64 (E.D. Pa. 2002) (denying petitioner's § 2241 petition on the merits notwithstanding his failure to exhaust available state court remedies). Because this Court agrees with the Magistrate Judge's analysis of the merits of Tucker's habeas petition, and because Tucker never objected to the substance of the R&R, the R&R is approved and Tucker's request to dismiss his habeas petition without prejudice is denied.